David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Sarah Harris*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| SARAH HARRIS,<br><br>   Plaintiff,<br><br> v.<br><br>WAKEFIELD & ASSOCIATES, LLC,<br><br>   Defendant. | : Civil Action No.:<br>:<br>:<br>:<br>: **COMPLAINT FOR DAMAGES**<br>: **PURSUANT TO THE FAIR**<br>: **CREDIT REPORTING ACT, 15**<br>: **U.S.C. § 1681, ET SEQ, AND FAIR**<br>: **DEBT COLLECTION PRACTICES**<br>: **ACT, 15 U.S.C. 1692 ET SEQ**<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

*KRIEGER LAW GROUP, LLC*
*5502 S. Ft. Apache, Suite 200*
*Las Vegas, NV 89148*

functioning of the banking system.   Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.   The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting.   Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. This action also arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

Plaintiff by Defendant in its illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331

4. Sarah Harris ("Plaintiff"), by Plaintiff's attorneys, brings this action against Wakefield & Associates, LLC ("Wakefield" or "Defendant") for violations of the FCRA and FDCPA, as set forth below.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of the FCRA.  15 U.S.C. § 1681 *et seq.*; 15 U.S.C. § 1692 *et seq*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

### PARTIES

7. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

1681a(c).  Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

8. Wakefield is a corporation doing business in the State of Nevada.

9. Wakefield is a "user" as that term is intended under the FCRA.  Anyone receiving a consumer report and applying it to a consumer is a user and must comply with the FCRA whether the user obtains or uses the report directly or indirectly.  Ross v. Res-Care, Inc., 2012 WL 3096093 (W.D. Ken. July 30, 2012).

10. Upon information and belief, Wakefield is licensed as a "debt collector", is in the business of purchasing debts owed to third parties or collecting debts owed to third parties, and regularly attempts to collect those debts.

11. Wakefield uses mail, credit reporting, and instrumentalities of interstate commerce in its attempts to collect debts either owed to another creditor or purchased from another creditor, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

**GENERAL ALLEGATIONS**

13. Plaintiff allegedly incurred a financial obligation ("Debt").

14. Upon information and belief, the Debt was for medical services which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

15. The Debt was purchased, assigned, or transferred to Wakefield, or Wakefield was employed by the original creditor to collect the Debt.

16. Wakefield attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2), including communicating to credit reporting agencies the Debt was in collections.

17. On or about February 12, 2021, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. § 701 *et seq*. Plaintiff's case was assigned Case Number 21-10684-nmc ("Bankruptcy").

18. The Debt owed to Wakefield was scheduled in the Bankruptcy and Wakefield received notice of the Bankruptcy.  See Bankruptcy ECF Nos 1 and 11.

19. On May 11, 2021, the Bankruptcy Court entered an Order of Discharge pursuant to 11 U.S.C. § 727.  See Bankruptcy ECF No 19.

20. Wakefield received notice of the discharge through the Bankruptcy Court's BNC Noticing system.  See Bankruptcy ECF No 20.

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

21. Wakefield did not file any proceedings to declare the Debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

22. Wakefield did not obtain relief from the "automatic stay" pursuant to 11 U.S.C. § 362 *et seq.* while the Bankruptcy was pending to pursue Plaintiff for any *personal* liability.

23. Accordingly, the Debt was discharged, and any debtor – creditor relationship between Plaintiff and Wakefield was terminated.

## WAKEFIELD'S FCRA VIOLATIONS

24. Plaintiff is informed and believes, and thereon alleges, that Wakefield acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

25. Upon review of Plaintiff's Trans Union credit report dated January 11, 2022, Plaintiff discovered Wakefield submitted unauthorized credit report inquiries for account reviews to Trans Union after the Debt had been discharged.

26. Specifically, as seen below, Wakefield submitted an account review inquiry for the purpose of collection on January 3, 2022.

**WAKEFIELD AND ASSOCIATES** ( 10800 EAST BETHANY, SUITE 450, AURORA, CO 80014, (800) 864-3870 )
**Permissible Purpose:** COLLECTION
**Requested On:** 01/03/2022

27. However, 15 U.S.C. § 1681b delineates the *only* permissible uses of, or access to, consumer reports.

28. Wakefield had no permissible use of or access to Plaintiff's consumer reports.

29. Wakefield's inquiry of Plaintiff's consumer report information for the purpose of collection or account review, without Plaintiff's consent and after the Debt had been discharged in the Bankruptcy, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

30. Plaintiff had no account or business transaction with Wakefield at the time Wakefield requested Plaintiff's credit information since the Debt had been extinguished through Plaintiff's bankruptcy discharge.

31. Wakefield should not have submitted a credit report inquiry after May 11, 2021, because Plaintiff received a Bankruptcy discharge on that date.

32. Because Plaintiff had discharged the Debt in the Bankruptcy and had no other account relationship with Wakefield, Wakefield had no legitimate business need for the information.

33. Wakefield accessed Plaintiff's credit report without consent or knowledge of Plaintiff.

34. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information.  The harm may be intangible, but is it is very real and concrete.

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

35. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of Plaintiff's information.

36. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

37. Wakefield never notified Plaintiff of the illegal and impermissible access.

38. Wakefield obtained Plaintiff's credit report and/or credit information under false pretenses by falsely representing that the purpose of such access was for collection or account review notwithstanding that the account no longer existed.

39. Wakefield continued to have knowledge that the discharge order means the Debt is no longer collectible.   However, Wakefield decided to access Plaintiff's credit information illegally.

40. Wakefield had no legitimate business need for Plaintiff's credit report.  Any debtor-creditor relationship that Plaintiff had with Wakefield was terminated upon Plaintiff's bankruptcy discharge.

41. Wakefield willfully and negligently violated the Fair Credit Reporting Act through its above conduct.

42. Specifically, Wakefield violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

**WAKEFIELD'S FDCPA VIOLATIONS**

43. As described above, Plaintiff discharged the Debt in the Bankruptcy, yet Wakefield proceeded to obtain Plaintiff's credit report after the discharge and without Plaintiff's permission.

44. Wakefield had no legitimate reason to obtain Plaintiff's credit report; by obtaining the report, Wakefield took an action it had no legal basis to take.

45. Further, Wakefield's purported reason for the inquiry (collections) created the appearance Plaintiff still owed it a debt which was in collections.  Any entity which legitimately requested Plaintiff's report would see Wakefield's inquiry, and could reasonably believe Plaintiff had a debt which was in collections and still collectible.

46. Due to Wakefield's illegal access of Plaintiff's Trans Union credit report, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

47. Plaintiff also fears Wakefield will take action to collect on the Debt despite the discharge, and fears she may have lost the benefit of the Bankruptcy.

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

48. Defendant's actions were willful under 15 U.S.C. § 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports.  See Doe v. Sentech Employment Services, Inc., E.D. Mich. May 16, 2016) (citing Singleton v. Domino's Pizza, LLC, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

49. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed Plaintiff's highly confidential personal information on Plaintiff's credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy.  The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

50. Plaintiff has a common law right to keep personal credit information private. E.g., Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting the FCRA.  Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

51. Plaintiff was affected personally because when Plaintiff realized the behavior of Defendant described above (pulling Plaintiff's credit report without any authorization), Plaintiff felt her privacy was invaded and her personal and private information was disclosed to Defendant, which had no right to Plaintiff's private information.

52. The injury suffered by Plaintiff is concrete because Defendant's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer an invasion of privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

53. Further, Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system. Data breaches are increasingly common (see, e.g., Data Breaches, Krebs, available at http://krebsonsecurity.com/category/data-breaches/), and the possibility of a malicious actor obtaining Plaintiff's confidential personal information is real.

54. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *ET SEQ*. (FDCPA)**

55. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

56. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

57. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant communicated or threatened to communicate false credit information (specifically, that there was a debt in collections Defendant was legitimately collecting on) in an attempt to collect a debt.

58. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

60. Plaintiff is entitled to damages as a result of Defendant's violations.

61. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 ET SEQ. (FDCPA)**

- actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148

intentional, reckless, and/or negligent FDCPA violations pursuant to 15

U.S.C. § 1692k(a)(1);

- statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- punitive damages; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

62. Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 7, 2022

Respectfully submitted,

By      /s/ David Krieger, Esq.
         David Krieger, Esq.
         Nevada Bar No. 9086
         Shawn Miller, Esq.
         Nevada Bar No. 7825
         KRIEGER LAW GROUP, LLC
         5502 S. Ft. Apache, Suite 200
         Las Vegas, NV 89148
         Phone: (702) 848-3855
         Email: dkrieger@kriegerlawgroup.com
         Email: smiller@kriegerlawgroup.com

KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148